IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUL 3 1 2009
J. T. NOBLIN, CLERK
BY_____DEPUTY

ALESHIA REEVES ON BEHALF OF HERSELF AND THE
MINOR CHILD, ▓▓▓▓▓▓▓;
DIANN FLEMING, NEXT FRIEND OF THE MINOR
CHILD, ▓▓▓▓▓▓▓▓▓▓; AND YOLANDA WOODARD
ON BEHALF OF THE MINOR CHILD, ▓▓▓▓▓▓▓   PLAINTIFFS

VS.

YAZOO COUNTY, MISSISSIPPI; DEPUTY GERALD
FRAISER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
JOHN DOES 1-5, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY, AND JOHN DOES 6-10
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY   DEFENDANTS

## Redacted COMPLAINT
(JURY TRIAL REQUESTED)

**COME NOW** Plaintiffs and bring this cause of action against the Defendants and allege the following:

### PARTIES

1. Plaintiff Aleshia Reeves, is an adult resident citizen of the City of Yazoo City, Yazoo County, Mississippi. She brings this action on behalf of herself and her minor daughter, ▓▓▓▓▓▓ (hereinafter "▓▓▓"), who is fourteen years old. Aleshia Reeves is African American as is ▓▓▓.

2. Plaintiff Diann Fleming, is a resident of the City of Yazoo City, Yazoo County, Mississippi. She is the maternal aunt of the ▓▓▓▓▓▓▓ (hereinafter "▓▓▓"), and at all times pertinent to the allegations herein she has served as the guardian of the minor child. ▓▓▓ has lived with Fleming for approximately six years - -preceding and including the time in which the

1

events set forth in this action, and she continues to live with Fleming. ███████ is a minor, is of the African-American race as is her aunt.

3. Plaintiff Yolanda Woodard, the natural mother of ███████ (hereinafter "███"), is a resident of Joliet, Illinois. During the events set forth in the allegations of this action, ███ was visiting her aunt Diann Fleming, who had custody and was responsible for the care of ███. ███ is fourteen years old and like her mother and aunt, she is African-American.

4. Defendant Yazoo County, Mississippi is a political subdivision of the State of Mississippi, which may be sued for the acts and inactions of its employees pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, *et seq.*, and may be served with process by serving Quint Carver at his usual place of business, the office of the Yazoo County Chancery Clerk.

5. Defendant Gerald Fraiser, herein sued in his official and individual capacity, is an adult resident citizen of Yazoo County, Mississippi, who can be served by service at his place of employment, 211 East Broadway, the office of the Yazoo County Sheriff Department where he is a deputy sheriff..

6. Defendants John Does 1-5, herein sued in their official and individual capacity, are residents of Yazoo County and serve as deputies and/or reserve officers for the Yazoo County Sheriff Department. Defendants John Does 1-5 are otherwise unknown to Plaintiffs at this time, or if their identities are known to Plaintiffs at this time, their identity as proper party Defendants is not known to Plaintiffs at this time, but their true and correct names will be substituted by amendment when the aforesaid information is ascertained.

7. Defendants John Does 6-10, herein sued in their official and individual capacity, are residents of Yazoo County and serve as jailers for the Yazoo County Sheriff Department.

Defendants John Does 6-10 are otherwise unknown to Plaintiffs at this time, or if their identities are known to Plaintiffs at this time, their identity as proper party Defendants is not known to Plaintiffs at this time, but their true and correct names will be substituted by amendment when the aforesaid information is ascertained.

## JURISDICTION AND VENUE

8. The Plaintiffs invoke the federal question jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 & 1343 to obtain a judgment for the costs of this suit, including reasonable attorneys' fees and damages suffered and sustained by them caused by Defendants' violation of the rights, privileges and immunities of Plaintiffs as guaranteed by the First, Fourth and Eighth Amendment and Fourteenth Amendments to the United States Constitution and applicable federal statutes including 42 U.S.C.A. §§ 1983, 1985, 1986 and 1988. The race of Plaintiffs served as an impermissible basis for the actions taken against the minor children. Additionally, this Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiffs as herein stated. Finally, the Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 & 2202.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the real and immediate harm sustained by Plaintiff occurred in this judicial district and division. The claims of the Plaintiffs as to these defendants arise from the same facts and circumstances and involve common questions of law and as such the claims of the Plaintiffs are properly joined in this action.

9. Each Plaintiff served her Notice of Claim via certified mail to Cobie Collins, President of the Yazoo County Board of Supervisors, the chief executive officer of the Defendant, Yazoo County

3

and a claim was also delivered via certified mail to Quint Carver, Chancery Clerk of Yazoo County pursuant to Miss. Code Ann. § 11-46-11(1).

10. Said notices have been pending before the chief executive officer and the county clerk for more than 90 days and because all procedures within the governmental entity have been exhausted, Plaintiffs are permitted to bring their state law claims.

## STATEMENT OF FACTS

11. Yazoo County is a political subdivisions of the State of Mississippi and is charged with many responsibilities including adhering to, complying with and enforcing the laws of the State of Mississippi and its municipal ordinances and adhering to federal law as well..

12. On or about August 1, 2008, deputies and reserve officers of the Yazoo County Sheriff Department were at Shady Lane Apartments in Yazoo County, Mississippi to investigate the gathering of a large crowd. The plaintiffs were not involved in the commotion. In fact, they were at an apartment approximately 100 yards away.

13. As the officers were attempting to control the crowd, they heard someone shout expletives at or about the officers. They did not know from which direction the shout came nor could they identify who made the statement.

14. Defendant Fraiser turned his attention to an image of some children standing on a balcony approximately 100 yards away. Fraiser and other officers, who are identified herein as John Does 1-5, proceeded to the apartment where the minor children ▓▓▓▓, who was thirteen years old, ▓▓▓▓, who was thirteen years old, and a toddler, had been standing. The minor children had gone into the apartment where Plaintiff ▓▓▓▓▓ was using the restroom.

15. Defendants Fraiser and John Does 1-5 proceeded to bang on the door and demanded that the

4

children open the door. Out of fear of the law enforcement officers, the children complied with the demand. The defendants demanded that children identify the person or persons who had shouted expletives.

16. Plaintiffs ▓▓▓ and ▓▓▓ told the defendants that they did not know who shouted the words. They also told the officers that they did not do it nor did anyone in the apartment shout from the apartment. Obviously, the toddler, who was less than four years old, could not speak or provide a response the officers. Plaintiff ▓▓▓ exited the restroom after hearing the officers and other commotion. Having been in the bathroom during the entire time, ▓▓▓ had nothing to offer or advise to the officers about what the officers heard or who said it.

17. Defendant Fraiser and John Does 1-5 did not believe the words of the children. The children were placed under arrest, handcuffed, placed in a sheriff department vehicle and hauled down to the Yazoo County Jail for booking. ▓▓▓ and ▓▓▓ were held at the Youth Detention Center while ▓▓▓ was held at the Yazoo County Jail. Although the parents and guardians of the children had requested that the children be released to their custody that night, they were denied.. John Does 6-10 were the jailers and pursuant to the policies of the Sheriff Department they held the children in the jail until the next day even though there was no probable cause for their arrests and detention.

18. The children were each charged with disorderly conduct. Plaintiffs ▓▓▓ and ▓▓▓ were released the following day to the parents and guardians, respectively. Plaintiff ▓▓▓ was also released to her guardian the following day, but she had to post bond in the amount of $500. She was refused bail the night of her arrest and had to stay in jail overnight.

19. Plaintiffs ▓▓▓ and ▓▓▓, as instructed, appeared before the Yazoo County Youth Court Officer Michael Suttlar on Monday, August 4. Officer Suttlar met briefly with the parties. When

5

Suttlar returned, he advised their parents, guardian and their counsel that he had spoken with the judge and the charges were dismissed as to ███ and ███.

20. Plaintiff ███████, however, had to go to trial on her charges presented by the affidavit filed against her by Defendant Fraiser. Said trial was held in the Yazoo County Justice Court, Honorable Bennie Warrington presiding. After the state presented the testimony of Defendant Fraiser, it moved to dismiss the charge,s and the judge granted the motion. It was obvious from the testimony that Fraiser and John Does 1-5 had no probable cause to arrest the three minor children. In particular, defendants had no probable cause to arrest ███████. If, indeed, there was disorderly conduct, he could not identify who caused the disorderly conduct. Defendants Fraiser and John Does 1-5 could not even say from which direction the comments came. He did not even testify that the alleged comments had any affect on the crowd or; specifically that they in any way inflamed the crowd. Furthermore as there was no probable cause to arrest ███████, John Does 6-10 had no right to hold her in jail and deny her bail.

## COUNT I

### VIOLATIONS UNDER 42 U.S.C. § 1983

21. Plaintiffs adopt and incorporate paragraphs 1- 20 above.

22. Plaintiffs bring this cause of action pursuant to state law and 42 U.S.C. § 1983 which provides for recovery of damages by any citizen who has been injured by any person acting under color of any statute or custom or usage in any state. The Defendants, while acting under color of state law, commenced to implement a policy, custom, usage or practice wherein the rights privileges or immunities of the plaintiffs were violated.

23. The Defendants, Yazoo County, Gerald Fraiser, John Does 1-5 and John Does 6-10, jointly

6

and severally, engaged in a course of conduct that resulted in the violation of plaintiffs' right to equal protection of the laws of the United States of America, the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, rights against false arrest, deprivation of identifiable civil rights, cruel and unusual punishment, the denial of a bail, and the unnecessary and wanton infliction of pain and suffering. The Defendants used unnecessary force and intimidation designed and intended to cause Plaintiffs, physical, mental and emotional harm, pain, humiliation and/or injury, and thereafter, evidence a deliberate indifference to the rights of the Plaintiffs.

24. As a direct and proximate consequence of the Defendants' actions, each plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution and the laws of United States of America and the State of Mississippi. Specifically, plaintiffs' Fifth and Fourteenth Amendment rights to procedural and substantive due process and equal protection of the laws violated by the Defendants, together with their Fourth Amendment rights proscribing making arrest without probable cause and the right to be allowed to post bond and not have it refused for the purpose of making the child sit in jail overnight. Plaintiffs were also deprived of the protections guaranteed by the First Amendment of the United States Constitution.

25. At all times material hereto, Yazoo County, its agents, representatives, and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a

governmental custom, usage or practice of the Yazoo County, Mississippi.

26.  It is further averred that Defendant Gerald Fraiser, John Does 1-5 and John Does 6-10 were governmental officials carrying out the edicts, practices or acts and their acts may fairly be said to represent official policy, practices, customs or regulations of Defendant Yazoo County that these defendants and Yazoo County collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in the damages sustained by the plaintiffs.

27.  As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the plaintiffs of certain rights guaranteed by the Constitution of the United States of America, the Plaintiffs suffered immediate and irreparable injury to their person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing damage to them including, extreme pain and suffering, humiliation, degradation, mental anguish and emotional distress.

## COUNT II

## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

28.  Plaintiffs adopt and incorporate paragraphs 1 - 27 above.

29.  It is alleged that Defendants Gerald Fraiser and John Does 1-5 joined in the illegal arrest of the these children and with the aid of defendants John Does 6-10 illegally held them in the Youth Detention Center without probable cause and refused to release defendants ███ and ███ to their parents and guardian until the following day for the purpose of further punishing them and their parents for having spoken out. It is further alleged that Plaintiff ███ was held in the Yazoo County Jail and not allowed to post bond until the following day. She too was held without probable cause and defendants refused to release Plaintiff ███ for the purpose of further punishing her.

8

This plan culminated in the completion of the agreement and a deprivation of Plaintiffs' constitutional rights when plaintiffs' were subjected to being held in jail without probable cause.

30. There existed within Yazoo County and its Sheriff's Department a belief, practice, usage and/or custom that it was perfectly fine to hold children in jail even where no probable cause even supported the basis for an arrest. This practice and custom has been used repeatedly against African-American children and that these plaintiffs fall within that protected class and upon information and belief plaintiffs believe they were subjected to these actions alleged in this action, in part, because of their race and because their parents and guardians spoke out against the arrests.

31. The conspiracy continues until today as officers allow other officers to make arrests without probable cause and they hold children in jail even where there is no basis in the law or in the fact for holding them and therefore violated 42 U.S.C. §1985.

## COUNT III

### ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY

32. The plaintiffs adopt and incorporate paragraphs 1-31 above.

33. The Defendants Yazoo County, Gerald Fraiser, John Does 1-5 and John Does 6-10 knew or reasonably should have known, prior to the arrest of the minor children and the implementation of the conspiracy to deprive them of their federally protected rights, that such activity regularly took place and that Defendant Yazoo County through its Sheriff Department encouraged such behavior by deputies under the employ of the Sheriff's employ, direction and command. On information and belief this is not the first time some or all of these defendants have engaged in such conduct.

34. Defendants, in their individual and official capacities either intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the minor

children and other persons similarly situated, of the equal protection of the laws they possessed the authority, power and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred and therefore violated 42 U.S.C. §1986.

## COUNT IV

## FAILURE TO ADEQUATELY TRAIN AND SUPERVISE

35. Plaintiffs incorporate and adopt paragraphs 1 -34 above.

36. Defendants Yazoo County failed to provide adequate and competent train ing and/or supervision to the Defendants Fraiser, John Does 1-5 and John Does 6-10. Defendant Yazoo County is tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to carried out by deputies of the Yazoo County Sheriff Department.

37. As a direct and proximate cause of the failure to properly develop, implement and otherwise carry out a policy of adequate police training and/or supervision, Plaintiffs were deprived of certain constitutional rights, privileges and immunities which if properly trained and supervised every officer within the department would have known of the illegality of defendants' conduct, and the deprivation of such rights, privileges and immunities would not have occurred.

38. Failure to provide such training and supervision was so grossly negligent that it amounted to deliberate indifference and blatant disregard for the rights, privileges and immunities of the Plaintiffs.

## COUNT V

## (BATTERY)

39. Plaintiffs incorporate and adopt paragraphs 1-38 above.

40. The illegal and inappropriate use of force without probable cause by Defendants Fraiser and John Does 1-5 amounted to battery and the offensive contact was intended to cause harm to Plaintiffs, who were handcuffed and forcibly placed in the vehicles of the sheriff deputies, and to unnecessarily inflict pain and injury upon their bodies.

41. As a direct and proximate cause of such offensive contact, Plaintiffs were injured and are entitled to monetary damages from the defendants, jointly and severally.

## COUNT VI

## (ASSAULT)

42. Plaintiffs incorporate and adopt paragraphs 1-41 above.

43. The events that gave rise to this action caused the Plaintiffs, who are children, a reasonable apprehension that Defendants Fraiser and John Does 1-5 acting independently and in concert with one another were going to cause them to suffer or sustain immediate harmful and offensive contact to their persons.

44. As a direct and proximate consequent of the conduct of these defendants, the Yazoo County, Gerald Fraiser and John Does 1-5 are jointly and severally liable to the plaintiffs for the assault and Plaintiffs are entitled to monetary judgment against defendants who participate in or contributed to the illegal assault.

## (FALSE ARREST/FALSE IMPRISONMENT)

45. Plaintiffs incorporate and adopt paragraphs 1-44 above.

46. Plaintiffs were arrested and subjected to unreasonable search, seizure and detention without probable cause. There was no basis in the law or fact to support their arrest, their search, their seizure or their detention all of which violates state, federal law and the common law of this state.

The events that gave rise to this action caused the Plaintiffs, who are children, a reasonable apprehension that Defendants Yazoo County, Fraiser, John Does 1-5 and John Does 6-10 acting independently and in concert with one another were going to cause them to suffer or sustain immediate harm to their persons.

47. As a direct and proximate consequent of the conduct of these defendants, the Yazoo County, Gerald Fraiser, John Does 1-5 and John Does 6-10 are jointly and severally liable to the plaintiffs for their falser arrest and false imprisonment and Plaintiffs are entitled to monetary judgment against defendants who participate in or contributed to the illegal arrest and imprisonment.

## COUNT VII

## (CIVIL CONSPIRACY)

48. Plaintiff incorporate and adopt paragraphs 1-47 above.

49. Defendants Yazoo County, Fraiser, John Does 1-5 and John Does 6-10 acted in concert with one another and entered into agreement to engage in the conduct which was wrongful, intentional willful and wanton causing Plaintiffs to sustain injury.

50. As a direct and proximate cause of said agreement the defendants Yazoo County, Gerald Fraiser, John Does 1-5 and John Does 6-10 are jointly and severally liable to Plaintiffs for monetary judgment.

## COUNT VIII

## (OUTRAGE)

51. Plaintiffs incorporate and adopt paragraphs 1-50 above.

52. Defendants overall conduct on the dates in question was so outrageous that it shocks the moral and legal conscience of the community. As such Plaintiffs are entitled to monetary judgment

against all defendants, jointly and severally.

## COUNT IX

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. Plaintiffs incorporate and adopt paragraphs 1-52 above.

54. The unreasonable acts of defendants Yazoo County, Defendants Gerald Fraiser, John Does 1-5 and John Does 6-10 intentionally caused Plaintiffs foreseeable mental anguish, emotional distress and humiliation.

## COUNT X

## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

55. Plaintiffs adopt and incorporate paragraphs 1-54 above.

56. Defendants Yazoo County, Gerald Fraiser, John Does 1-5 and John Does 6-10, acting individually and together, arrested, detained and imprisoned Plaintiffs without probable cause and held them in detention facilities including jail without justification and therefore caused Plaintiffs foreseeable mental anguish, humiliation and emotional distress.

57. As a result of these acts these Defendants, Plaintiffs have suffered and will continue to suffer harm and damages as alleged herein, and each Plaintiff seeks an award of compensatory and punitive damages as prayed for below.

## COUNT XI

## NEGLIGENT SUPERVISION, HIRING AND NEGLIGENT RETENTION

58. Plaintiffs adopt and incorporate paragraphs 1-57 above.

59. Yazoo County breached duties to Plaintiffs by negligently hiring, supervising and continuously retaining Gerald Fraiser, John Does 1-5 and John Does 6-10, who caused the arrest and

incarceration and refusal to release the children or make bond available to them, all of which was not based on probable cause. Yazoo County's failure to adopt and implement policies, procedures and practices to prevent its deputies from being hired or retained with Yazoo County was the direct cause of Plaintiffs' false arrest, physical assault, battery and violations of his state and federal constitutional rights.

60. As a result of the negligent hiring, supervision and negligent retention of Gerald Fraiser, John Does 1-5 and John Does 6-10, Plaintiffs have suffered and will continue to suffer harm and damages as alleged herein, and seeks an award of compensatory and punitive damages as prayed for below.

## COUNT XII

### (MALICIOUS PROSECUTION)

61. Plaintiffs incorporate and adopt paragraphs 1-60 above.

62. Defendants Yazoo County and Gerald Fraiser instituted criminal proceedings against plaintiff ▓▓▓▓▓ upon the affidavit of Defendant Fraiser. Said affidavit was not based upon probable cause and was false and instituted with malice as defendant Fraiser knew plaintiff had not committed the acts that he alleged. The proceedings terminated in favor of ▓▓▓▓▓. As a result of defendant Fraiser's actions, ▓▓▓▓▓ suffered harm as damages are presumed.

63. As a result of the acts of omission and commission of the Defendants as set forth above, the Plaintiff ▓▓▓▓▓ suffered damages including past, present and future medical expenses, pain and suffering, emotional distress, mental anguish and out of court expenses, including the costs and expenses incurred by plaintiffs to secure their release from jail and the ultimate acquittal on the

charges pursued by the defendants, and any other damages to be proven at trial.

## COUNT XIII

### (CRUEL AND UNUSUAL PUNISHMENT)

64. Plaintiffs incorporate and adopt paragraphs 1-63 above.

65. The acts of Defendants Yazoo County, Gerald Fraiser, John Does 1-5 and John Does 6-10 by holding the Plaintiffs without releasing them to their parents and guardians and/or refusing them the right to obtain a bond either because of policy, custom, tradition or because the parents and guardians questioned the arrests or because the children and their parents are Afican-Americans constitute cruel and unusual punishment as proscribed by the United States Constitution, federal law, the Mississippi Constitution, state law and common law.

66. As a result of the these acts by these Defendant, Plaintiffs have suffered and will continue to suffer harm and damages as alleged herein, and each Plaintiff sees an award of compensatory and punitive damages as prayed for below.

## COUNT XIV

### (FIRST AMENDMENT)

67. Plaintiffs incorporate and adopt paragraphs 1-66 above.

68. Plaintiff Aleshia Reeves arrived at the scene of the arrest of the children and questioned John Does 1-5 about the legitimacy of the arrests and, in part, because of her questions and statements that she was going to get an attorney, the Defendants Yazoo County, Gerald Fraiser, John Does 1-5 and John Does 6-10 arrested and detained her daughter, ▮▮▮▮, and the other Plaintiffs and continued to hold them without releasing the minor children to their parents and guardians and/or refused them the right to obtain a bond either because of policy, custom, tradition and/or because the

15

Aleshia Reeves. The defendants retaliated and punished Aleshia Reeves and the minor children when Aleshia Reeves spoke out about the illegitimate arrests. Said conduct violated the rights of Aleshia Reeves and the minor children secured by the First Amendment of the United States Constitution, federal law, the Mississippi Constitution, State law, and common law. Upon information and belief the Defendants have arrested other parents who asked questions when their minor children were being arrested. Said custom, practice, tradition and policy is used by these defendants for no legitimate purpose except to intimidate an harass citizens of Yazoo County.

69. As a result of the acts of these Defendant, Plaintiffs have suffered and will continue to suffer harm and damages as alleged herein, and each Plaintiff sees an award of compensatory and punitive damages as prayed for below.

## DAMAGES

70. As a result of the acts of omission and commission of the Defendants as set forth above, the Plaintiffs suffered damages including past, present and future medical expenses, pain and suffering, emotional distress, mental anguish and out of court expenses, including the costs and expenses incurred by plaintiffs to secure their release from jail and the ultimate acquittal on the charges pursued by the defendants, and any other damages to be proven at trial.

## RELIEF DEMANDED

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs request that the Court set this matter down for jury trial as soon as practicable and thereafter that this Court:

A. Award Plaintiffs compensatory damages in an amount which will afford reasonable compensation for the damages sustained by each plaintiff in an amount which is just and fair;

B.  Award Plaintiffs exemplary or punitive damages against the defendants in an amount sufficient to punish them for their egregious conduct and to deter them and others similarly situated from engaging in such conduct in the future;

C.  Reasonable attorneys' fees and expenses;

D.  Interest and all costs herein expended;

E.  That Yazoo County be ordered to change its policies, practices, procedures or customs of holding children in its Youth Detention Facility and Jail overnight on misdemeanor affidavits or charges and refusing to release the children to their parent(s) or guardians or refusing them the right to obtain bond; and

F.  Any such other declaratory or injunctive relief the Court deems appropriate whether in equity or in law.

This the 31st day of July, 2009.

Respectfully Submitted,

ALESHIA REEVES ON BEHALF OF THE
MINOR CHILD, ▮;
DIANN FLEMING, NEXT FRIEND OF THE
MINOR CHILD, ▮;
AND YOLANDA WOODARD ON BEHALF OF
THE MINOR CHILD, ▮

PLAINTIFFS

BY: _____
CARLTON W. REEVES (MSB # 8515)

PIGOTT REEVES JOHNSON, P.A.
775 N. Congress Street
P.O. Box 22725
Jackson, Mississippi  39225-2725
(601) 354-2121